CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 15 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAWANDA PHIPPS, | ) | Civil Action No. 7:12cv401 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| RUBY TUESDAY, INC., | ) | |
| | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff Lawanda Phipps brings this negligence action pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332, against defendant Ruby Tuesday, Incorporated ("Ruby Tuesday") for injuries Phipps sustained after she allegedly bit down on a piece of glass while she was eating a salad from Ruby Tuesday's salad bar.[1] Ruby Tuesday has moved for summary judgment, essentially arguing Phipps has offered no proof of negligence. The court agrees, finds no indication that Ruby Tuesday failed to exercise due care in the preparation and delivery of Phipps' salad, and grants Ruby Tuesday's motion for summary judgment.

I.

Ruby Tuesday owns and operates a restaurant and salad bar in Wytheville, Virginia. On the night of February 10, 2008, Phipps went out to eat with a group of friends at the Wytheville Ruby Tuesday restaurant. After placing her dinner order, Phipps went to the salad bar and prepared a salad. When she began eating the salad, she noticed something in her mouth that "didn't seem like it was dissolving." (Phipps Aff. 9, ECF No. 13-1.) Phipps spit the object into

---

[1] Ruby Tuesday removed this action from the Circuit Court of the County of Wythe, Virginia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Phipps resides in Wytheville, Virginia, and Ruby Tuesday is incorporated in Georgia, with its principal place of business in Maryville, Tennessee. Phipps' seeks $1,000,000.00 in damages from Ruby Tuesday. Accordingly, the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied.

a napkin and discovered that it was a small piece of clear glass. Upon inspecting the object, Phipps' dinner companions agreed that it was a piece of glass. In her deposition, Phipps testified that the salad bar was clean and that she did not observe anything broken or out of order while she was making her salad. Phipps is "unsure" of how the glass got in her salad or how long it might have been there. Ruby Tuesday has offered an affidavit from Shane Wilcox, the "Director of People Standards and Results" for Ruby Tuesday, attesting that Ruby Tuesday does not use glass in its salad preparation area, nor store salad ingredients in glass containers. Phipps seeks $1,000,000 in damages.

## II.

Ruby Tuesday has moved for summary judgment on the ground that Phipps cannot show that "an unreasonably dangerous condition existed" when the salad left Ruby Tuesday's control. Ruby Tuesday argues, in the absence of precedent, that the salad left its "control" when it placed the salad ingredients on the salad bar. What little guidance exists on that question leads the court to a different conclusion—that the salad was still in Ruby Tuesday's control while it sat on the salad bar. Nevertheless, the court finds that Phipps has offered nothing showing that Ruby Tuesday failed to exercise due care in the preparation and delivery of Phipps' salad and, therefore, grants Ruby Tuesday's motion for summary judgment.[2]

*Res ipsa loquitur* "never applies in the case of an unexplained accident that may have been attributable to one of two causes, for one of which the defendant is not responsible." Lewis

---

[2] A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing a summary judgment motion under Rule 56, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

2

v. Carpenter Co., 252 Va. 296, 300 (1996). Thus, in a negligence action such as this one based on "unwholesome food," the burden is on the plaintiff to show (1) "that the [food was] unreasonably dangerous" for consumption, and (2) "that the unreasonably dangerous condition existed when the [food] left the defendant's hands." See Bussey v. E.S.C. Restaurants, Inc., 270 Va. 531, 536 (2005) (quotation marks omitted) (quoting Harris-Teeter v. Burroughs, 241 Va. 1, 4 (1991)). And "the plaintiff attempting to prove negligence must prove an additional element, i.e., not only that the product was dangerously defective at the time that it left the defendant's hands, but also that the defect was the result of the defendant's failure to exercise due care." Chestnut v. Ford Motor Co., 445 F.2d 967, 969 (4th Cir. 1971).

Virginia courts have not answered the question of when food on a salad bar has "left the defendant's hands."[3] However, in Harris Teeter v. Burroughs the Virginia Supreme Court explained that, "where a plaintiff allegedly suffers injury from a deleterious substance in food, the burden is on the plaintiff to show that the food product contained foreign matter at the time the retailer sold *and delivered* the product to the consumer." Burroughs, 241 Va. at 3–4 (emphasis added). The Virginia Supreme Court thus equates "left the defendant's hands" with actual "deliver[y] to" the plaintiff customer. In the context of a salad bar, it is difficult to imagine that a particular salad could be "delivered to" a particular customer until the customer has prepared the salad. Were that not the case, and "delivery" occurred the moment a restaurant

---

[3] The unwholesome-food standard derives from Virginia products liability cases such as Logan v. Montgomery Ward & Co., Inc., 216 Va. 425 (1975). Those cases equate "le[aving] the defendants hands" with the concept of "control." See, e.g., id. at 428 ("Mrs. Logan's cause of action depends upon the existence of a defect in the stove at the time it left the control of Montgomery Ward. . . . Under either the warranty theory or the negligence theory the plaintiff must show, (1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant' hands."); see also Chestnut, 445 F.2d 967, 968–69 (discussing the similarities between negligence, strict liability, and warranty claims).

Though the "implied warranty of wholesomeness applies to the sale of food by restaurants," Bussey, 270 Va. at 536, Phipps does not characterize her claim as breach-of-warranty claim. (See Compl. 3–5, ECF No. 1-1.) Even if she had, she has offered nothing creating a genuine dispute.

3

stocked the salad bar, a restaurant could allow fresh food to spoil on the salad bar, sickening customers, without incurring traditional negligence liability.

Nevertheless, Phipps' negligence claim requires that she demonstrate that the glass in her salad resulted from Ruby Tuesday's "failure to exercise due care." Chestnut, 445 F.2d at 969. Here, Phipps has marshaled nothing whatsoever showing that Ruby Tuesday failed to exercise due care in operating its salad bar. Phipps admits that the salad bar was clean and in good order when she prepared her salad, she offers no explanation for the presence of the glass in her salad, and she is unsure how long the glass had been there. By contrast, Ruby Tuesday has offered uncontradicted evidence that it does not use glass in the salad preparation area and that it does not store the ingredients in glass containers. Summary judgment "is proper if the nonmoving party fails to make a sufficient showing of an essential element" on which that party bears the burden of proof. Rhodes v. E.I. du Pont de Nemours and Co., 636 F.3d 88, 94 (4th Cir. 2011). Because *res ipsa loquitur* does not apply in this case, and because Phipps has offered nothing showing that Ruby Tuesday failed to exercise due care in operating its salad bar, Phipps has failed to make a sufficient showing on an essential element of her case.

Phipps argues that the court should deny Ruby Tuesday's summary judgment motion because discovery had not concluded when Ruby Tuesday filed the motion. She argues that "further discovery may create genuine issues of material fact which may preclude summary judgment." (Resp. 2, ECF No. 14.) Notwithstanding that speculation and Phipps' failure to "show[] by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify her opposition" to the summary judgment motion, Fed. R. Civ. P. 56(d), Phipps presumably completed discovery after she filed her first lawsuit based on this incident in Virginia state court on June 11, 2008. Nearly four years after she filed that suit, after the

4

conclusion of discovery and two weeks prior to the scheduled trial date of February 28, 2012, Phipps took a voluntary non-suit. (See Notice of Nonsuit, ECF No. 16-2.) After Phipps' lawsuit arrived in federal court, this court entered an order incorporating the discovery from the state-court action into these proceedings. (See Order, ECF No. 10.) Under the circumstances, the court discerns no basis for prolonging this matter. Accordingly, the court grants Ruby Tuesday's motion for summary judgment.

### III.

For the reasons stated, the court grants Ruby Tuesday's motion for summary judgment.

**ENTER**: February 15, 2013.

_____
UNITED STATES DISTRICT JUDGE